■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAXON GAMBLE, JR., Appellant.— Order entered May 7, 1968, unanimously affirmed. Concur — Stevens, P. J., Eager, Markewich and Tilzer, JJ.; Nunez, J., concurs in the following memorandum: I concur and vote to affirm solely on the ground that the errors complained of appear on the face of the record, thus precluding *coram nobis* relief. The sentencing minutes establish that the court, when questioning the defendant immediately prior to taking his guilty plea, clearly misstated the law of self-defense. Defendant's claims, that his plea was improperly accepted because the court misled him into believing that the defense of self-defense was not available to him and that his indecisiveness in assenting to the court's version of the facts put the court on notice that he might not have been guilty of the crime to which he was pleading and that the court should have inquired further, would have entitled him to an evidentiary hearing had he appealed the judgment of conviction. *Coram nobis* is "an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him" (*People* v. *Howard*, 12 N Y 2d 65, 66, cert. den. 374 U.S. 840). It is limited to questions involving facts outside the record and "'may not be used as a vehicle for an additional appeal or a belated motion for a new trial'" (*People* v. *Brown*, 13 N Y 2d 201, 206, cert. den. 376 U. S. 972). The court's misstatements are of course part of the record and contentions based thereon should have been raised by direct appeal from the judgment of conviction. This the defendant failed to do. He may not do so by *coram nobis* (*People* v. *Landin*, 31 A D 2d 944).